IRVING, J.,
for the Court.
¶ 1. On December 4, 1997, Trumel K. Cox was convicted by a Yazoo County jury of rape and kidnapping. He was sentenced to concurrent terms of ten years on each of the offenses. He appealed his conviction to the Mississippi Supreme Court. The appeal was sent to this Court which, on March 23, 1999, affirmed Cox’s conviction and sentence. See Cox v. State, 736 So.2d 450 (Miss.Ct.App.1999).
*680 ¶ 2. During the pendency of the appeal, Cox was out of jail on bail. Almost three years after the affirmance of his conviction and sentence, Cox, on January 16, 2002, filed a letter request in the trial court seeking credit for the period of time between his release on bond and the date of the affirmance of his conviction and sentence on appeal.
¶ 3. The trial judge, citing lack of jurisdiction pursuant to Mississippi Code Annotated section 99-35-131 (Rev.2000), denied the request. The section relied upon by the trial judge provides:
In case of an affirmance by the supreme court of a judgment for imprisonment, if the appellant had remained in prison pending the appeal, the time of imprisonment shall be credited to him, but if he Dias] been on bail, the supreme court shall fix the time for the commencement of his imprisonment, under the judgment of affirmance, so as to cause him to suffer the full time of imprisonment fixed by the judgment of the court below.
Miss.Code Ann. § 99-35-131(Rev.2000).
¶ 4. In his appeal, Cox does not address the lack of jurisdiction issue, choosing instead to overlook this issue and argue the merits of the issue presented to the trial judge.
¶ 5. We agree with the trial court that it lacked jurisdiction, although we reach this decision by a slightly different avenue than did the trial judge.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. The trial judge found that Mississippi Code Annotated section 99-35-131 (Rev. 2000), was an impediment to the exercise of its jurisdiction and denied Cox’s request for relief. This Court finds that Cox’s request was never properly before the trial court. Consequently, this Court affirms the decision of the trial court denying the requested relief, although on a different basis.
¶ 7. First, the letter request to the trial court did not comport with the procedural requirements of Mississippi Code Annotated section 99-39-9 (Supp.2002), which prescribes what a post-conviction relief motion must contain. Second, since Cox’s conviction and sentence had been affirmed on direct appeal, it was necessary for him to secure permission from the Mississippi Supreme Court in order to pursue a motion for post-conviction relief, assuming ar-guendo, that it was proper to treat the letter request as a motion for post-conviction relief. See Miss.Code Ann. § 99-39-7 (Rev.2002). Nothing in the record shows that permission was either sought or granted. Therefore, we affirm the judgment of the trial court dismissing Cox’s request due to a lack of jurisdiction.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND GRIFFIS, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.